UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RICHARD SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:25-cv-00057 |
| v. | ) | |
| | ) | |
| INDYGO, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff, Richard Smith ("Smith"), by counsel, for his cause of action against Defendant, IndyGo, alleges and says:

### PRELIMINARY STATEMENT

1. This is an action arising under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 to § 634, as amended, and seeking all appropriate legal damages and equitable relief to redress the violation of Smith's rights by IndyGo.

### JURISDICTION AND VENUE

2. This court has subject matter jurisdiction of Smith's claims pursuant to 28 U.S.C. § 1331.

3. Pursuant to 28 U.S.C. § 1391(b)(2), venue is appropriate in the Southern District of Indiana, Indianapolis Division, because the events alleged in this complaint took place in Marion County, Indiana.

### ADMINISTRATIVE CONDITIONS PRECEDENT

4. On or about October 18, 2024, Smith filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging violation of his ADEA rights under EEOC Charge No. 470-2024-06019.

1

5.      On October 25, 2024, the EEOC issued its Determination and Notice of Rights pertaining to Smith's charge.  This Complaint was filed within 90 days of Smith's receipt of the Notice.

STATEMENT OF FACTS

6.      Smith was employed by IndyGo from on or about November 22, 2022 through and including August 16, 2024.

7.      Smith was born in 1959 and was over 40 years of age during his employment at IndyGo.

8.      At the time his employment was terminated, Smith was working for IndyGo as a facility supervisor responsible for planning, prioritizing, assigning, supervising and reviewing the work of the facility maintenance staff.

9.      At the time Smith's employment was terminated, his job performance was satisfactory or better.  He was serving as a member of the company's Six Sigma committee to improve work processes and, overall, was an excellent employee.

10.     In spite of Smith's meritorious performance, his supervisor, Mark Crane, harassed Smith by asking if he was considering retiring soon, implying Smith was too old to perform.

11.     As part of his duties as a facility supervisor, Smith was authorized to use a company vehicle to travel away from the facility from time to time during the work day.

12.     Smith's fellow supervisors at IndyGo were also authorized to use company vehicles in the course and scope of their employment.  There was no written vehicle use policy.

13.     IndyGo terminated Smith's employment effective August 16, 2024 alleging that (a) on August 2, 2024 between 11:00 a.m. and 2:01 p.m., Smith removed and used a company vehicle for non-business purposes without authorization and (b) Smith falsified his time records by failing to clock out for those three hours.

2

14.     IndyGo's stated reasons for terminating Smith's employment were false and known to be false at the time the decision was made.  First, Smith had authority to use the company vehicle as described on August 2, 2024.  Second, Smith himself, in several past instances, had been permitted to use company vehicles in a similar fashion without objection or penalty.

15.     IndyGo's termination of Smith's employment was discriminatory in that Smith's substantially younger, similarly situated coworkers were treated more favorably than he when it came to use of company vehicles.

16.     Smith's fellow supervisors, for example, Suzy Perkins, Tracey Williams and DeAngelo Woodard, were substantially younger than Smith.  They used, and were known to have used, company vehicles in a similar fashion, yet they were not terminated as Smith was.

STATEMENT OF CLAIMS

17.     IndyGo is an employer under the ADEA.

18.     Smith is a member of a protected class based on his age, as he was over 40 years of age at the time of his termination.

19.     Smith was subjected to an adverse action when he was terminated.

20.     Smith was treated less favorably than individuals outside his protected class based on age.

21.     As a direct and proximate result of IndyGo's unlawful discrimination in violation of the ADEA, Smith has suffered and continues to suffer financial and economic damages, as well as mental anguish, emotional distress, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

WHEREFORE, Smith prays for the following relief:

A.     An order directing IndyGo to place Smith in the same position and status he would have occupied but for IndyGo's discriminatory or otherwise unlawful

treatment of him, as well as to take other action as is necessary to ensure that the effects of the unlawful employment practices and other unlawful conduct are eliminated and do not continue to affect Smith;

B.      An award of damages in an amount to be determined, plus prejudgment interest, to compensate Smith for all financial, monetary and/or economic damages he suffered herein;

C.      An award of damages in an amount to be determined, plus prejudgment interest, for all non-pecuniary and/or compensatory damages including, but not limited to, compensation for mental anguish, emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering and any other physical or mental injuries;

D.      An award of damages for any and all monetary and/or non-pecuniary losses suffered by Smith, including punitive damages, in an amount to be determined plus prejudgment interest;

E.      An award of costs Smith has incurred in this action, as well as his reasonable attorney's fees to the fullest extent permitted by law; and

F.      All other relief just and proper in the premises.

<u>JURY DEMAND</u>

Plaintiff, by counsel, pursuant to Fed.R.Civ.P. 38(b), respectfully demands trial by jury of all issues triable of right by a jury.

4

Respectfully submitted,


/s/Clinton E. Blanck
Clinton E. Blanck, 19270-32
BLANCK LEGAL, P.C.
9245 North Meridian Street, Suite 301
Indianapolis, Indiana  46260
Office:  (317) 844-8372
Facsimile:  (317) 573-5564
E-mail:  cblanck@blancklegal.com
Attorney for Plaintiff